FILED

1    TEAGUE PRYDE PATERSON, SBN 226659
2    **BEESON, TAYER & BODINE, APC**
     Ross House, 2nd Floor                         2013 MAR 27  AM 10: 43
3    483 Ninth Street
                                                   CLERK U.S. DISTRICT COURT
4    Oakland, CA  94607                            CENTRAL DIST. OF CALIF.
     Telephone:  (510) 625-9700                         LOS ANGELES
5    Facsimile:   (510) 625-8275                   BY_____
     Email:       tpaterson@beesontayer.com
6
7    Attorneys for Plaintiff
8    NORTHWEST ADMINISTRATORS, INC.
9
10                   **UNITED STATES DISTRICT COURT**
11             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12                          **AT LOS ANGELES**
13
14   NORTHWEST ADMINISTRATORS,     Case No. **CV13-02184-CAS(AGRx)**
     INC.,
15
                        Plaintiff,  [Related Case: USDC, W.D.Wash.
16           v.                     No. C12-1439RAJ]
17   PERFORMANCE PAPER LLC,
     CELLMARK USA LLC, CELLMARK     **COMPLAINT**
18   AB, CELLMARK PAPER, INC.,
19   CELLMARK PULP AND PAPER, INC.,
20
                        Defendants.
21
22       Plaintiff Northwest Administrators alleges as follows:
23                          **INTRODUCTION**
24       1.      This is an action to recover withdrawal liability pursuant to the Employee
25   Retirement Income Security Act of 1974, as amended by the Multiemployer Pension
26   Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA" and "MPPAA,"
27   respectively).  Specifically this action seeks to recover a withdrawal liability judgment
28   entered by the U.S.D.C. of the Western District of Washington on behalf of plaintiff,

                                                                            1
     **COMPLAINT**                                               323605.doc

the administrator of the Western Conference of Teamsters Pension Trust Fund which is
a multiemployer defined benefit pension plan (hereafter, the "Trust" or "Plan.")  The
Judgment was entered by the U.S.D.C. for the Western District of Washington against
Calpaco, Inc., an employer that had participated in the Plan and, upon ceasing
participation, was assessed withdrawal liability as provided by the MPPAA which it
failed to pay to the Trust. (Hereafter non-party Calpaco, Inc., is referred to as
"Calpaco" or the "Withdrawn Employer.")

     2.    This action is asserted against the successors and their controlled group
members of Withdrawn Employer, pursuant to ERISA § 4001(b)(1) (29 U.S.C. §
1301(b)(1).  Defendants are therefore jointly and severally liable to the Plan for the
judgment entered against Calpaco.

### VENUE/JURISDICTION

     3.    This court has subject matter jurisdiction pursuant to ERISA sections
502(e), 502(f) and section 4301(c), (29 U.S.C. §§ 1132(e) and 1132(f), 1451(c),
respectively) because Plaintiff maintains administrative offices in this District and
because the breach occurred in this District.

     4.    Moreover, this court has jurisdiction over Defendants because
Defendants' maintain places of business, engage in regular business and operations,
and are subject to service of process within the United States of America, and
otherwise have sufficient contacts with the United States of America.

### THE PARTIES

     5.    Plaintiff Northwest Administrators, Inc., is an organization incorporated
under the laws of the State of Washington, with its principal place of business in King
County, in the State of Washington.  It also maintains an office in Alhambra, Los
Angeles County. Plaintiff is the authorized administrative agent for and the assignee of
the Western Conference of Teamsters Pension Trust Fund.

     6.    The Western Conference of Teamsters Pension Trust Fund is a
multiemployer plan within the meaning of ERISA sections 3(37) and 4001(a)(3) (29

2

U.S.C. §§ 1002(37) and 1301(a)(3)), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust and numerous collective bargaining agreements between labor organizations affiliated with the International Brotherhood of Teamsters, and numerous employers engaged in activities affecting commerce.  Such employers included Calpaco.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendants are each successors to Calpaco, the Withdrawn Employer, or are members of a controlled group of entities to such successors, pursuant to ERISA section 4001(b)(1) (29 U.S.C. §1301(b)).

8.     Non-party Calpaco, a withdrawal liability judgment debtor of Plaintiff's as set forth above, was a corporation doing business in California and within this Judicial District.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant Performance Paper, LLC is a limited liability corporation operating a paper pulp and production facility at 6285 E. Slauson Avenue, Commerce, California.  Upon information and belief, Performance Paper is headquartered at 80 Washington Street in Norwalk, Connecticut.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant CellMark USA, LLC, is a Delaware corporation headquartered or doing business at 333 Ludlow Street, South Tower, 8th Floor, Stamford, Connecticut.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant CellMark Pulp and Paper Inc., is a Delaware corporation headquartered or doing business at 80 Washington Street in Norwalk Connecticut.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendant Cellmark Paper, Inc. is a Delaware corporation headquartered or doing business at 300 Atlantic Street, 5th Floor, Stamford, CT  06901.

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant

**COMPLAINT**

1   CellMark AB is a Swedish corporation headquartered at Lilla Bommen 3C, PO Box

2   11927, SE-404 39 Gothenburg, Sweden, which does business in this country through

3   offices located in the United States including at 300 Atlantic Street Stamford,

4   Connecticut 06901.

5        14.    Plaintiff is informed and believes, and thereon alleges, that Defendants

6   either wholly own, or are wholly owned by, each other.

7                 **THE WITHDRAWAL LIABILITY JUDGMENT**

8        15.    On or about November 27, 2012, the U.S.D.C. for the Western District of

9   Washington entered a default judgment against non-party Calpaco (the "Judgment").

10   The Judgment provides that it is issued for non-payment of a withdrawal liability

11   assessed against Calpaco arising from its termination of its participation in the Western

12   Conference of Teamsters Pension Trust Fund.

13        16.    Defendants herein where not named parties to the Western District of

14   Washington action or the Judgment.

15        17.    The Judgment awarded plaintiff $140,826.84 in contributions arising for

16   withdrawal liability, $1,454.80 in attorneys' fees, $505.00 in costs, and further

17   provided for post-judgment interest to accrue at the rate set in 28 U.S.C. section 1961.

18   (a true and correct copy of the Judgment is attached hereto at Tab A, and is

19   incorporated by reference herein).

20        18.    In principal, the judgment totaled $1,412,368.10, plus interest accrued

21   since November 27, 2012.

22        19.    The Judgment, having been properly noticed and served, was not appealed

23   and became final and binding.

24        20.    Calpaco has failed to pay any amounts towards the judgment of

25   withdrawal liability.

26        21.    Plaintiff seeks judgment against Defendants as successors and as co-

27   members of a controlled group of trades or businesses, pursuant to ERISA section

28   4219(c)(5) (29 U.S.C. § 1399(c)(5)), as explained and alleged herein.

4

## THE SUCCESSORS

22.   Non-party Calpaco owned and operated a pulp and paper manufacturing facility at 6285 E. Slauson Avenue, in Commerce, California.

23.   Upon information and belief, in or about 2010 the Defendants assumed Calpaco's operations attendant to an asset purchase agreement by which Defendants purchased all of Calpaco's assets.

24.   Thereafter Defendants continued the Calpaco operation under the name Performance Paper, utilizing the same or overlapping employees, including managerial employees. Defendants further continued the operations utilizing the same equipment, machinery, physical plant, operations, and overlapping lines of business and customers.

25.   Prior to finalizing the asset sale the Defendants knew that Calpaco participated in the trust on behalf of its employees, and knew that upon Calpaco's withdrawal from the Trust it would incur a withdrawal liability assessment.

26.   The Defendants, prior to their purchase of Calpaco, knew and were aware that Calpaco was indebted to the Trust for its *pro rata* share of the Trust's unfunded liabilities.

27.   Prior to and attendant to the purchase of Calpaco, Defendants themselves and through professionals performed due diligence with respect to Calpaco's assets and liabilities. Such due diligence revealed that Calpaco participated in the trust and that its withdrawal therefrom would result in a debt for withdrawal liability.

28.   Neither Calpaco nor Defendants posted a bond or established an escrow in favor of the Trust in order to secure against the withdrawal liability.

29.   Neither Calpaco nor defendants sought a variance with respect to securing a bond for the purpose of securing the Trust against the withdrawal liability.

## THE CONTROLLED GROUP OF TRADES OR BUSINESSES

30.   Under the provisions of ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), all trades or businesses under common control are treated as a single

1  employer for purposes of withdrawal liability from a multiemployer pension plan.

2      31.    Accordingly, each "trade or business" under "common control" with an

3  employer that withdraws from a multiemployer pension plan is jointly and severally

4  liable for the withdrawing employer's withdrawal liability.

5      32.    Here, Calpaco is and has been adjudicated the "withdrawn employer" and

6  is required to make payment of the withdrawal liability set forth in the Judgment.

7      33.    As a successor to Calpaco, Defendants stand in the place of Calpaco.

8      34.    Where five or fewer entities, partners, corporations or individuals own

9  and exercise common control over two or more business, all businesses over which

10  such individuals exercise effective control are considered to be commonly controlled

11  (intra-group ownership is excluded for these purposes).

12      35.    The Defendants each constitute a "trade or business" within the meaning

13  of Title IV of ERISA and the Treasury Regulations. The regulations define three types

14  of controlled groups: (1) brother-sister controlled groups; (2) "parent-subsidiary"

15  controlled groups; and (3) "Combined Groups of Trades or Businesses under Common

16  Control." (*See* 26 CFR § 1.414(c)-2.)

17      36.    Individuals operating outside the corporate form, or pursuant to fictitious

18  business names, can be held individually liable for withdrawal liability as a "trade or

19  business" under 29 U.S.C. section 1301(b)(1).

20      37.    Upon information and belief, at the time Calpaco withdrew from the

21  Trust, and Defendants succeeded to Calpaco's operations, each were members of a

22  "brother-sister" controlled group.

23      38.    Upon information and belief, at the time Calpaco withdrew from the

24  Trust, Defendants herein were each members of a "parent-subsidiary" controlled

25  group.

26      39.    Upon information and belief, at the time Calpaco withdrew from the

27  Trust, Defendants herein were each members of a "Combined Group of Trades or

28  Businesses under Common Control."

6

**COMPLAINT**

40.     Under ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)(1)), Defendants are jointly and severally liable for the Judgment, plus interest accrued since the date of judgment.

## FIRST CAUSE OF ACTION
### [Collection of Withdrawal Liability]

41.     Each and every allegation set forth above is hereby incorporated herein.

42.     Calpaco made a "complete withdrawal" from the Trust as that term is defined in ERISA § 4203(a) (29 U.S.C. § 1383(a)); and subsequently Judgment for such withdrawal liability was entered against it.

43.     On February 14, 2013, a copy of the Judgment, along with a cover letter explaining the basis of the Judgment as constituting a withdrawal liability assessment was served via first class registered mail or confirmed facsimile transmission on each of the Defendants.

44.     Defendants have failed to respond to the aforementioned letter.

45.     Accordingly, Plaintiff seeks judgment against Defendants as each is jointly and severally liable for the Judgment and the withdrawal liability assessment as successors and/or controlled group members, as alleged above.

46.     Defendants are further liable for accrued interest pursuant to ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5).)

47.     ERISA § 4301(b) (29 U.S.C. § 1451(b)) provides that an action to collect withdrawal liability shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515 (29 U.S.C. § 1145). Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§ 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)), as set forth in the Judgment, as well as additional attorneys' fees and costs arising out of the commencement and litigation of this action to enforce the Judgment.

48.     Plaintiff, therefore, seeks a money judgment against Defendants awarding the entire Judgment plus interest, liquidated damages and costs, including attorneys'

7

1 | fees and costs of the instant suit.

2 | ## PRAYER FOR RELIEF

3 | WHEREFORE, Plaintiff's prays for judgment as follows:

4 | 1.      An order holding each defendant jointly and severally liable for the

5 | Judgment against non-party Calpaco plus post-judgment interest accruing

6 | thereon;

7 | 2.      Attorneys' fees and costs arising out of this action;

8 | 3.      Entry of judgment jointly and severally against each Defendant for the

9 | above amounts;

10 | 4.      Such other relief as this Court deems appropriate.

11 |

12 | Dated: March 26, 2013           BEESON, TAYER & BODINE, APC

13 |

14 | By: _____

15 | TEAGUE P. PATERSON
Attorneys for Plaintiff NORTHWEST
ADMINISTRATORS, INC.

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**ATTACHMENT A**

Case 2:12-cv-01439-RAJ   Document 16   Filed 11/27/12   Page 1 of 2



THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | NO.   C12-1439-RAJ |
| Plaintiff, | |
| v. | DEFAULT JUDGMENT |
| CALPACO PAPERS, INC., a California corporation, | |
| Defendant. | |

### Summary of Judgment

| | |
|---|---|
| Judgment Creditor: | Northwest Administrators, Inc. |
| Judgment Debtor: | Calpaco Papers, Inc. |
| Principal Judgment Amount: | $140,826.84 |
| Liquidated Damages | $0 |
| Interest to Date of Judgment: | $0 |
| Attorneys Fees: | $1,454.80 |
| Costs: | $505.00 |
| Other Recovery Amounts: | NONE |
| Percent Interest on Principal: | per 28 U.S.C. § 1961 |
| Interest Rate on Costs: | NONE |
| Attorneys for Judgment Creditor: | Reid, Pedersen, McCarthy & Ballew, L.L.P. |

In accordance with the court's order granting Plaintiff's motion for default judgment, judgment is entered as follows:

JUDGMENT
Page 1 of 2
S:\Jones\Josh\12-1439 NW Administrators v. Calpaco Papers - default judgment.docx

The court ORDERS, ADJUDGES AND DECREES that Plaintiff is entitled to judgment against Defendant in the amounts hereinafter listed, which amounts are due the Plaintiff's Trust by Defendant for its inclusive employment of members of the bargaining unit represented by Local 986 (formerly Local 578) with which the Defendant has a valid collective bargaining agreement, and which amounts are due by reason of its specific acceptance of the Declarations of Trust:   for withdrawal liability contributions of $140,826.84, for attorneys' fees of $1,454.80, and for costs of $505.00; with post-judgment interest to accrue at the rate set in 28 U.S.C. § 1961.

JUDGMENT ENTERED this 27th day of November, 2012.

WILLIAM M. MCCOOL
Clerk of Court

/s Consuelo Ledesma
Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV13- 2184 CAS (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:  Teague P. Paterson, SBN 226659
Beeson, Tayer & Bodine, APC
483 Ninth Street
Oakland, CA  94607
Tel: (510) 625-9700/Fax: (415) 625-8275
tpaterson@beesontayer.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.<br><br>PLAINTIFF(S)<br><br>v.<br><br>PERFORMANCE PAPER LLC, CELLMARK USA LLC, CELLMARK AB, CELLMARK PAPER, INC., CELLMARK PULP AND PAPER, INC.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-02184 - CAS (AGRx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __Teague P. Paterson_____, whose address is __Beeson, Tayer & Bodine, 483 Ninth Street, Suite 200, Oakland, California 94607__.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Dated:   MAR 27 2013

Clerk, U.S. District Court

By: ANDRES PEDRO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                          SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

NORTHWEST ADMINISTRATORS, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PERFOMANCE PAPER LLC, CELLMARK USA LLC, CELLMARK AB, CELLMARK PAPER, INC., CELLMARK PULP AND PAPER, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Teague P. Paterson, SBN 226659
Beeson, Tayer & Bodine, 483 Ninth Street, Suite 200
Oakland, CA 94607
Tel: (510) 625-9700 / Fax: (510) 625-8275

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Approx $143,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC 1132 (e)&(f) - ERISA action by multiemployer pension plan to collect withdrawal liability judgment.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☒ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:  Case Number:**  CV13-02184

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Connecticut<br>Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Leora Ilan_   DATE: March 27, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |